UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-80681

ZSOFIA RUHA,

    Plaintiff,

v.

CITY OF PALM BEACH GARDENS,
and BETHANY GUERRIERO,

    Defendants.
_____/

## DEFENDANTS CITY OF PALM BEACH GARDENS AND BETHANY GUERRIERO'S, MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendants [1] CITY OF PALM BEACH GARDENS ("City") and BETHANY GUERRIERO ("Guerriero"), by and through undersigned counsel and pursuant to Rule 12(b)(6), Fed.R.Civ.Proc., and this Court's Local Rules, move this honorable Court for the entry of an order dismissing Plaintiff's Third Amended Complaint [DE 43], and as grounds states:

**I.  Motion**

1.  Plaintiff has sued Defendants for $100,000,000[2] in damages that allegedly stem from an arrest that occurred on October 11, 2018. Plaintiff's arrest resulted in an adjudication of guilt on October 25, 2018. See DE 1-1, pg. 5.

---

[1] Palm Beach Gardens police officer Bethany Guerriero was identified as a defendant in the summons served on the City, however, she was omitted from the case style. The City is unsure whether Plaintiff is pursuing a claim against Officer Guerriero, but in an abundance of caution and to prevent a possible default, the City will include Officer Guerriero in its motion.

[2] See DE 43, page 2.

Ruha v. Palm Beach Gardens
Case No. 9:19-cv-80681
**2 | P a g e**

2.	The Defendants moved to dismiss Plaintiff's claims and on July 17, 2019, this Court granted the Defendants' motion to dismiss. See DE 19.

3.	Subsequently, on July 31, 2019, Plaintiff filed an Amended Complaint [DE 22] which alleged the City and Officer Guerriero violated her constitutional rights and conspired to commit perjury against her based on what Plaintiff alleged was an invalid arrest by the Defendants. See DE 22.

4.	The Defendants moved to dismiss that complaint and subsequently the Court denied all pending motions and closed the case. See DE 33.

5.	On November 22, 2019, Plaintiff filed a Second Amended Complaint against the Defendants, alleging a host of claims including fraud, bribery, false arrest, and excess force in violation of Plaintiff's constitutional rights. See DE 35.

6.	On December 6, 2019, the Defendants filed a motion to dismiss Plaintiff's Second Amended Complaint. See DE 36. Prior to the Court issuing a ruling on Defendants' motion to dismiss Plaintiff's Second Amended Complaint, Plaintiff filed a Third Amended Complaint[3] on January 8, 2020. See DE 43.

7.	Plaintiff's Third Amended Complaint violates the Federal Rules of Civil Procedure and fails to state any legally cognizable claim for any constitutionally protected right. Further, Plaintiff's state law claim for false arrest fails to state a cause of action. Any claim that Plaintiff

---

3 While the Defendants believe that DE 43 is an unauthorized pleading because the Court has not issued a ruling on Plaintiff's request for leave to file the Third Amended Complaint, the instant motion to dismiss is filed in an abundance of caution.

Ruha v. Palm Beach Gardens
Case No. 9:19-cv-80681
3 | P a g e

is attempting to allege against Officer Guerriero also fails as a matter of law because no willful or wanton conduct has been alleged by Plaintiff. As a result, Plaintiff's Third Amended Complaint must be dismissed as a matter of law.

WHEREFORE, Defendants CITY OF PALM BEACH GARDENS and BETHANY GUERRIERO respectfully request entry of an order dismissing Plaintiff's Third Amended Complaint with prejudice, together with such other and further relief deemed necessary and proper.

## II.   Memorandum of Law

### A.   Third Amended Complaint violates Rule 8

A complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a *"largely groundless claim"* does not proceed through discovery and *"take up the time of a number of other people...."* See Dura Pharmaceuticals, Inc., v. Broudo, 544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (quoted in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 558 (2007)). The requirements of Rule 8 do *"not unlock the doors the discovery for a plaintiff armed with nothing more than conclusions."* See Ashcroft v. Iqball, 556 U.S. 662, 678-79 (2009). A complaint does not need detailed factual allegations to survive a motion to dismiss, but Rule 8 *"demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."* Id. at 556 U.S. at 678, 129 S. Ct. at 1949. *"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"* Id. (quoting Twombly, 550 U.S. at 555). Thus, *"conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."* See Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003).

Ruha v. Palm Beach Gardens
Case No. 9:19-cv-80681
**4** | P a g e

*Sub judice,* Plaintiff alleges various claims for purported violations of civil rights but fails to specifically identify *how* the City allegedly violated said constitutional rights. Plaintiff's vague and ambiguous allegations as to what specific legal claims she is bringing make it impossible for the City to form a responsive pleading to her Third Amended Complaint. Therefore, Plaintiff's Third Amended Complaint must be dismissed as a matter of law.

### B.   No unconstitutional policy or custom alleged

The City can only be liable under § 1983 *"when execution of [its] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury...,"* of which Plaintiff complains. See Monell v. Dep't. of Social Services, etc., 436 U.S. 658, 691 (1978); Mercado v. City of Orlando, 407 F. 3d 1152 (11th Cir. 2005); Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489 (11th Cir. 1997). To establish the City's § 1983 liability based on a *"custom,"* Plaintiff must allege **facts** establishing an unconstitutional practice so widespread that, *"although not authorized by written law or express municipal policy,"* it is *"so permanent and well settled as to constitute a custom or usage with the force of law."* See Brown v. City of Fort Lauderdale, 923 F.2d 1474, 1481 (11th Cir. 1991). The allegations must reflect a practice so *"long-standing and widespread,"* that it can be *"deemed authorized by the policy-making officials because they must have known about it but failed to stop it."* Id. A failure to prevent an isolated incident, however, cannot be deemed tacit approval. *"Random or isolated incidents are insufficient to establish a custom or policy."* See Depew v. City of St. Mary's, 787 F.2D 1496, 1499 (11th Cir. 1986); Owaki v. City of Miami, 491 F. Supp. 2d 1140, 1158 (S.D. Fla. 2007).

Ruha v. Palm Beach Gardens
Case No. 9:19-cv-80681
5 | P a g e

Plaintiff's Third Amended Complaint is devoid of any factual allegations that the City had a custom and policy in place to violate the constitutional rights of individuals such as Plaintiff. Plaintiff has failed to allege **any** facts establishing a long-standing, widespread City custom of illegal arrests that violated the Plaintiff's constitutional rights or that the City maintained a policy of instructing its police officers to commit perjury.   While Plaintiff's Third Amended Complaint broadly accuses the City of violating Plaintiff's constitutional rights, it fails to cite any other similar incidents to show a purported widespread practice by the City.   Plaintiff has proffered no facts which would establish that any City policy or custom was the *"moving force"* behind Plaintiff's alleged constitutional deprivation as required by Monell, supra, therefore Plaintiff's Third Amended Complaint must be dismissed.

  **C.** **Any claims against Officer Guerriero fail as a matter of law**

Plaintiff's Third Amended Complaint is devoid of any allegations that Officer Guerriero acted in a manner that was willful, wanton or malicious.   Therefore, any claim against Officer Guerriero fails as a matter of law.   See Fla. Stat. §768.28 (9)(a):

> "No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

  **D.** **No valid claim for state law false arrest**

False arrest/imprisonment is *"the unlawful restraint of a person against that person's will."* Miami-Dade Cty. v. Asad, 78 So. 3d 660, 669-70 (Fla. 3d DCA 2012). Probable cause is an

Ruha v. Palm Beach Gardens
Case No. 9:19-cv-80681
**6 | Page**

affirmative defense to a false arrest claim. <u>Mailly v. Jenne</u>, 867 So. 2d 1250, 1251 (Fla. 4th DCA 2004); <u>Jackson v. Navarro</u>, 665 So. 2d 340, 342 (Fla. 4th DCA 1995).  Probable cause exists when the circumstances are sufficient to cause a reasonably cautious person to believe that the person accused is guilty of the offense charged. <u>Mailly</u>, 867 So. 2d at 1251; <u>Fla. Game & Freshwater Fish Comm'n v. Dockery</u>, 676 So. 2d 471, 474 (Fla. 1st DCA 1996).

Probable cause must be judged by the facts that existed at the time of the arrest, not evidence subsequently learned or provided to the prosecution. <u>Mailly</u>, 867 So. 2d at 1251 (*"Probable cause is judged by the facts and legal state of affairs that existed at the time of the arrest."*); <u>Fla. Game</u>, 676 So. 2d at 474 (*"Hindsight should not be used to determine whether a prior arrest or search was made with probable cause. Events that occur subsequent to the arrest cannot remove the probable cause that existed at the time of the arrest."*) (citations omitted).

Here, Plaintiff's state law claim for false arrest also fails because Plaintiff's arrest *resulted in an adjudication of guilt on October 25, 2018*, which this Court can take judicial notice of. Therefore, as a matter of law, the Third Amended Complaint fails to state a valid cause of action for false arrest and must be dismissed. See <u>Heck v. Humphrey</u>, 512 U.S. 477, 486–87 (1994)(holding that "to recover damages for allegedly unconstitutional conviction or imprisonment,…a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination or called into question by a federal court's issuance of a writ of habeas corpus.") Plaintiff has made no such showing.

Ruha v. Palm Beach Gardens
Case No. 9:19-cv-80681
7 | P a g e

WHEREFORE, Defendants CITY OF PALM BEACH GARDENS and BETHANY GUERRIERO respectfully request entry of an order dismissing Plaintiff's Third Amended Complaint with prejudice, together with such other and further relief deemed necessary and proper.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of January 2020, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

JOHNSON, ANSELMO, MURDOCH, BURKE,
PIPER & HOCHMAN, P.A.
**Attorneys for Defendants**
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Telephone: (954) 463-0100
Facsimile: (954) 463-2444

BY: *s/W. Hampton Johnson IV*
W. HAMPTON JOHNSON IV
Florida Bar Number: 98607

Ruha v. Palm Beach Gardens
Case No. 9:19-cv-80681
**8** | P a g e

# SERVICE LIST

**Zsofia Rhua**
Pro Se
640 Clematis Street #531
West Palm Beach, Fl 33401

---

**W. HAMPTON JOHNSON IV, ESQ.**
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, PA
**Attorneys for Defendants**
2455 E. Sunrise Blvd., Suite 1000
Fort Lauderdale, FL 33304
whjohnson@jambg.com
(954) 463-0100 (Phone)
(954) 463-2444 (Fax)