# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

FILED BY AP D.C.
Oct 9, 2020
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

October 09, 2020

Zsofia Ruha
640 CLEMATIS ST #531
W PALM BEACH, FL 33402

Appeal Number: 20-12227-F
Case Style: Zsofia Ruha v. City of Palm Beach Gardens, et al
District Court Docket No: 9:19-cv-80681-DMM

The enclosed copy of this Court's Order of Dismissal is issued as the mandate of this court. See 11th Cir. R. 41-4. Counsel and pro se parties are advised that pursuant to 11th Cir. R. 27-2, "a motion to reconsider, vacate, or modify an order must be filed within 21 days of the entry of such order. No additional time shall be allowed for mailing."

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Dionne S. Young, F
Phone #: (404) 335-6224

Enclosure(s)

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12227-F
_____

ZSOFIA RUHA,

                                                    Plaintiff-Appellant,

versus

CITY OF PALM BEACH GARDENS,
BETHANY GUERRIERO,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

Before: MARTIN, JORDAN and NEWSOM, Circuit Judges.

BY THE COURT:

     Zsofia Ruha, proceeding pro se, appeals the district court's dismissal of her complaint. The Appellees move to dismiss this appeal for lack of jurisdiction, and Ruha moves for leave to proceed in forma pauperis ("IFP"). After careful consideration, we deny Appellees' motion to dismiss, grant Ruha leave to proceed IFP, and dismiss her appeal as frivolous.

***

Appellees argue this Court lacks jurisdiction to consider Ruha's appeal because it is untimely. As an initial matter, we construe Ruha's notice of appeal as challenging the district court's April 13, 2020 order dismissing her complaint with prejudice. Ruha's notice of appeal indicates that she wishes to challenge a final judgment entered on July 21, 2019. The district court did not enter any orders on that date. However, because Ruha stated her intent to challenge a final judgment and the notice of appeal was filed on June 16, 2020, closely following the April 13, 2020 order, we understand her to be appealing the April 13, 2020 order.

We disagree with Appellees' contention that Ruha's notice of appeal is untimely. Although the notice of appeal was filed more than 30 days after the April 13, 2020 order, the appeal period did not begin to run until 150 days after the order was entered. That is because the district court never entered a separate document containing the judgement, as Federal Rule of Civil Procedure 58(a) requires. See Fed. R. App. P. 4(a)(1)(A), (7)(A)(ii) (where a separate document is required but not entered, judgment is considered entered once 150 days have run from entry of order in the civil docket); Fed. R. Civ. P. 58(a). Ruha's June 16, 2020 notice of appeal was therefore timely to challenge the April 13, 2020 order and we deny the motion to dismiss for lack of jurisdiction.

***

Ruha seeks to proceed IFP pursuant to 28 U.S.C. § 1915(a).  Section 1915(a) provides that a United States court may authorize the commencement of any proceeding, without prepayment of fees, by a person who submits an affidavit that includes a statement of assets and indicates that he is unable to pay such fees.  We may grant a petitioner leave to proceed IFP if he "show[s] inability to pay or give security for fees and costs."  16AA Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3970.1 (4th ed. Apr. 2020 update); see 28 U.S.C. § 1915(a)(1).  Ruha's affidavit of indigency satisfies this requirement.  As a result, Ruha need not prepay fees and costs associated with this appeal.

***

Because Ruha is proceeding IFP, her appeal is subject to a frivolity determination.  See 28 U.S.C. § 1915(e)(2).  An action is frivolous if it is without arguable merit either in law or fact.  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002).  An IFP appeal is subject to dismissal at any time the Court determines it is frivolous.  28 U.S.C. § 1915(e)(2)(B)(i)–(ii); see Dingler v. Georgia, 725 F. App'x 923, 927 (11th Cir. 2018) (per curiam) (unpublished) (stating that § 1915(e)(2)(B) "applies to anyone proceeding in forma pauperis" (citing, inter alia, Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002))).

Ruha lacks a non-frivolous issue on appeal.  In its April 13, 2020 order, the district court granted Appellees' motion to dismiss Ruha's Third Amended

Complaint by default.  The court explained that under the Southern District of Florida's Local Rules, for all motions, failure to "file and serve an opposing memorandum of law no later than fourteen (14) days after filing and service of the motion . . . may be deemed sufficient cause for granting the motion by default."  S.D. Fla. Ct. R. 7.1(c).  The court found it appropriate to grant the motion to dismiss Ruha's complaint by default because she had repeatedly failed to comply with the rules and the court's previous orders.  We do not think this was error.

Accordingly, we conclude that Ruha's appeal is frivolous.  We therefore DENY Appellees' motion to dismiss the appeal for lack of jurisdiction, GRANT Ruha's motion for leave to proceed IFP, and DISMISS the appeal.